UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JESSICA SPISSINGER and MATTHEW PECULIS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 19-cv-11137-ADB |
| NOVA PSYCHIATRIC SERVICES, P.C.; MARON DGA, P.C., D/B/A DANA GROUP ASSOCIATES; PATRIOT BEHAVIORAL HEALTH, INC., F/K/A PATRIOT ELDERCARE, INC., MIGUEL SARAVIA, DR. ALEXANDRA ACCARDI, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

Pursuant to this Court's Order on May 7, 2025, *see* Dkt. No. 63, the United States of America, the Commonwealth of Massachusetts (together with the United States, the "government"), and relators Jessica Spissinger and Matthew Peculis hereby submit a joint status report. The following summarizes the status of the settlement discussions in the six weeks since the last status report (*see* Dkt. No. 62), and plans for further discussion, as to the intervened defendants.

**Miguel Saravia and Maron DGA, P.C. d/b/a Dana Group Associates**

Defendant Miguel Saravia, the owner of defendant Maron DGA, P.C., d/b/a Dana Group Associates ("Dana"), and former Chief Executive Office of defendant Nova Psychiatric Services, P.C. ("Nova"), specifically requested that the parties discuss a global resolution of both the civil case and the United States' criminal investigation. On September 26, 2024, Mr. Saravia pled guilty by Information to six counts of health care fraud and he was sentenced on March 26, 2025 to three and a half months in prison.

1

As to the civil case, in the six weeks since the last status report, the government has continued to work with Mr. Saravia to assess his ability to pay a settlement. As described in the last status report, on May 1, 2025, the United States met with Mr. Saravia's counsel to discuss the financial analyst's assessment and concerns and shared additional questions and requests for supporting documentation from the government's financial analyst. On June 12, Mr. Saravia provided answers and documents responsive to several outstanding questions and requests. Mr. Saravia indicated, through counsel, that he will respond to the remaining questions as soon as possible. These responses are critical both to the government's assessment of Mr. Saravia's ability to pay the proposed settlement and to crafting a settlement agreement that accounts for potential future profits through the sale of property or the business.

In the next 45 days, the government expects to receive the outstanding information from Mr. Saravia and complete its ability to pay analysis. Thereafter, the government, the relators, and Mr. Saravia expect to memorialize a settlement agreement. If the parties are unable to come to an agreement, however, the government will proceed with litigation against Mr. Saravia and Dana.

**Dr. Alexandra Accardi and Nova Psychiatric Services, P.C.**

Similar to Mr. Saravia, co-defendant Dr. Accardi, the owner of co-defendant Nova, expressed a desire to settle this matter with the government prior to litigation. In the six weeks since the last status report, Dr. Accardi has made a settlement proposal to the government. The government is awaiting further detail on that offer. In particular, Dr. Accardi may be selling property in furtherance of the settlement, which may take additional time to complete. As with Mr. Saravia, if Dr. Accardi and the government are unable to come to an agreement, the government will proceed with litigation against Dr. Accardi and Nova.

*\*\*\**

The government and the relators contend that the continued settlement discussions, outlined above, are currently in the best interests of all the parties and this Court. Given Mr. Saravia's and Dr. Accardi's claims of limited financial circumstances, a review of their finances in anticipation of a potential civil resolution prior to the initiation of substantive litigation avoids needless spending on a litigation while preserving their assets for a potential settlement. Moreover, given the collective desire to settle this matter, the parties believe that expending efforts on reaching settlements in this case, as opposed to conducting litigation, is the best use of valuable government and judicial resources.

The United States, Massachusetts, and the relators propose to file another status report with the Court in 45 days which will further detail the status of the settlement discussions with the defendants. Should the government and the relators report that efforts toward settlement are proving futile with any of the defendants, the government and the relators will begin to litigate this case.

Respectfully submitted,

| | |
|---|---|
| LEAH B. FOLEY | ANDREA JOY CAMPBELL |
| United States Attorney | Attorney General |
| | |
| */s/ Lindsey Ross* | */s/ Katie Cooper Davis* |
| STEVEN T. SHAROBEM | KATIE COOPER DAVIS |
| LINDSEY ROSS | (BBO 694251) |
| Assistant United States Attorneys | BERNARDO CUADRA (BBO 679762) |
| United States Attorney's Office | Assistant Attorneys General |
| One Courthouse Way, Suite 9200 | Commonwealth of Massachusetts |
| Boston, MA 02210 | Office of the Attorney General |
| Phone: (617) 748-3100 | One Ashburton Place, 18th Floor |
| steven.sharobem@usdoj.gov | Boston, MA 02110 |
| lindsey.ross@usdoj.gov | Phone: (617) 963-2498 |
| | Fax: (617) 573-5367 |
| | katie.davis@mass.gov |
| | bernardo.cuadra@mass.gov |

RELATORS JESSICA SPISSINGER and MATTHEW PECULIS

By their attorney,

*/s/ Jeffrey A. Newman*
JEFFREY A. NEWMAN
(BBO 370450)
Jeff Newman Law
1 Story Terrace
Marblehead, MA 01945
Phone: (978) 880-4758
jeffrey.newman1@gmail.com