UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JESSICA SPISSINGER and MATTHEW PECULIS,<br><br>            Plaintiffs,<br><br>       v.<br><br>NOVA PSYCHIATRIC SERVICES, P.C.; MARON DGA, P.C., D/B/A DANA GROUP ASSOCIATES; PATRIOT BEHAVIORAL HEALTH, INC., F/K/A PATRIOT ELDERCARE, INC., MIGUEL SARAVIA, DR. ALEXANDRA ACCARDI,<br><br>            Defendants. | No. 19-cv-11137-ADB |

## JOINT STATUS REPORT

Pursuant to this Court's Order on August 1, 2025, *see* Dkt. No. 67, the United States of America, the Commonwealth of Massachusetts (together with the United States, the "government"), and relators Jessica Spissinger and Matthew Peculis hereby submit a joint status report. The following summarizes the status of the settlement discussions in the six weeks since the last status report (*see* Dkt. No. 65), and plans for further discussion, as to the intervened defendants.

### Miguel Saravia and Maron DGA, P.C. d/b/a Dana Group Associates

Defendant Miguel Saravia, the owner of defendant Maron DGA, P.C., d/b/a Dana Group Associates ("Dana"), and former Chief Executive Office of defendant Nova Psychiatric Services, P.C. ("Nova"), specifically requested that the parties discuss a global resolution of both the civil case and the United States' criminal investigation. On September 26, 2024, Mr. Saravia pled

guilty by Information to six counts of health care fraud, and on March 26, 2025, the Court sentenced him to three and a half months in prison.

As to the civil case, in the six weeks since the last status report, the government completed its initial analysis of Mr. Saravia's ability to pay a settlement. The government presented this offer to Mr. Saravia's counsel in August. At the meeting, Mr. Saravia's counsel informed the government that Medicare revoked Dana's billing privileges in late July 2025, retroactive to September 2024, because of Mr. Saravia's conviction. The revocation may impact Mr. Saravia's future income and necessitated a reassessment of Mr. Saravia's ability to pay, which is currently underway. Mr. Saravia's counsel also provided additional information about Mr. Saravia's plans pertaining to his involvement with various businesses, his anticipated income, and his maintenance or sale of certain real estate holdings. The government is utilizing this information in its re-assessment of Mr. Saravia's ability to pay and will reengage with counsel for Mr. Saravia about a potential settlement amount once the re-assessment is completed.

In the next forty-five days, the government expects to complete its assessment of this additional information concerning Mr. Saravia's current and future financial position and engage with counsel for Mr. Saravia to memorialize a settlement agreement. If the parties are unable to come to an agreement, however, the government will proceed with litigation against Mr. Saravia and Dana.

### Dr. Alexandra Accardi and Nova Psychiatric Services, P.C.

Similar to Mr. Saravia, co-defendant Dr. Accardi, the owner of co-defendant Nova, expressed a desire to settle this matter with the government prior to litigation and claimed an inability to pay the assessed damages. In the six weeks since the last status report, the government assessed Dr. Accardi's settlement offer. The government is preparing a counterproposal that

accounts for Dr. Accardi's joint and several liability with Mr. Saravia in addition to the amount for which she is solely liable. The government is scheduled to present its counterproposal to Dr. Accardi's attorney on September 17. As with Mr. Saravia, if Dr. Accardi and the government are unable to come to an agreement, the government will proceed with litigation against Dr. Accardi and Nova.

## **Discussion**

The government and the relators contend that the continued settlement discussions, outlined above, are currently in the best interests of all the parties and this Court. Given Mr. Saravia's and Dr. Accardi's claims of limited financial circumstances, a review of their finances in anticipation of a potential civil resolution prior to the initiation of substantive litigation avoids needless spending on a litigation while preserving their assets for a potential settlement. Moreover, given the collective desire to settle this matter, the parties believe that expending efforts on reaching settlements in this case, as opposed to conducting litigation, is the best use of valuable government and judicial resources.

The United States, Massachusetts, and the relators propose to file another status report with the Court in forty-five days which will further detail the status of the settlement discussions with the defendants. Should the government and the relators report that efforts toward settlement are proving futile with any of the defendants, the government and the relators will begin to litigate this case.

Respectfully submitted,

| | |
|---|---|
| LEAH B. FOLEY<br>United States Attorney | ANDREA JOY CAMPBELL<br>Attorney General |
| */s/ Lindsey Ross*<br>STEVEN T. SHAROBEM<br>LINDSEY ROSS<br>Assistant United States Attorneys<br>United States Attorney's Office<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Phone: (617) 748-3100<br>steven.sharobem@usdoj.gov<br>lindsey.ross@usdoj.gov | */s/ Katie Cooper Davis*<br>KATIE COOPER DAVIS<br>(BBO 694251)<br>BERNARDO CUADRA (BBO 679762)<br>Assistant Attorneys General<br>Commonwealth of Massachusetts<br>Office of the Attorney General<br>One Ashburton Place, 18th Floor<br>Boston, MA 02110<br>Phone: (617) 963-2498<br>Fax: (617) 573-5367<br>katie.davis@mass.gov<br>bernardo.cuadra@mass.gov |

RELATORS JESSICA SPISSINGER and
MATTHEW PECULIS

By their attorney,

*/s/ Jeffrey A. Newman*
JEFFREY A. NEWMAN
(BBO 370450)
Jeff Newman Law
1 Story Terrace
Marblehead, MA 01945
Phone: (978) 880-4758
jeffrey.newman1@gmail.com